LAURA E. DUFFY
United States Attorney
LAWRENCE A. CASPER
Assistant U.S. Attorneys
California State Bar No. 235110
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7455
Fax: (619) 557-7055
Email: Lawrence.Casper@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR2291-H |
| Plaintiff, | DATE: August 27, 2010<br>TIME: 9:00 a.m. |
| v. | |
| SCOTT GREER, | **UNITED STATES' MOTION FOR RESTITUTION ORDER;** |
| Defendant. | **TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES** |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, LAURA E. DUFFY, United States Attorney, and Lawrence A. Casper, Assistant United States Attorney, and hereby files its Motion for Restitution Order ("Motion"). This Motion is based upon the files and records of the case together with the attached memorandum of points and authorities.

**I**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Title 18, United States Code, Section 3663A provides that restitution is mandatory for "any offense committed by fraud or deceit." Specifically, the Court shall order that the Defendant make restitution to the victims of the offense. Id. Since the Defendant in this case entered a guilty plea to one count of mail fraud in violation of 18 U.S.C. § 1341, a crime involving fraud, the Court must order that he pay restitution to the victims of the offense.

To assist the Court, the United States has prepared a list of the victims of the offense who have not yet been fully reimbursed for the fraud committed against them and the amount of restitution the United States believes that they are entitled to be paid. There have been multiple civil suits brought by victims of the fraud perpetrated by Norton and others. Many, if not most, of those matters have resulted in financial settlements. After consulting with counsel for many of the civil plaintiffs, the United States believes that, as a result of those financial settlements, the restitution to be paid that relates to the fraud in this case – that is, pertaining to the Crown Point Condominium Complex – has been significantly reduced. After taking those financial settlements into account, the total amount of remaining restitution that the United States believes to be related to the Crown Point fraud is $1,501,210. Defendant Scott Greer was involved with and admittedly participated in the fraudulent conduct involving Crown Point; accordingly, the United States believes – based on the information available – that he is fairly and justly held accountable for paying restitution to the listed victims.[1/] The United States has included, as Appendix A, a schedule identifying the victims that the United States believes have not yet been made whole and the amount of the restitution that the United States recommends should be paid to them.[2/]

Further and very briefly, the United States summarizes the information in its possession regarding each of the listed individuals below:

---

[1/]    The United States notes that, given the pre-indictment dispositions connected to this matter, the investment monies paid by Norton's victims was not, in each instance, fully traced. Nevertheless, during the relevant period, the principal fraudulent conduct engaged in by Norton and his associates, Messrs. Johnson and Greer, was the Crown Point Condominium Complex and that is where, the United States believes, most, if not all, of the monies obtained from the victims were to be expended. Obviously, a significant portion may have also gone into the pockets of Messrs. Norton, Johnson and Greer.

[2/]    The United States notes that it has received Victim Impact Statements from individuals not listed on Appendix A but believes that each of those individuals has been made whole by virtue of the above-described civil settlement(s).

1. <u>Kenny and Susan Carr - $40,427</u>

The Carrs invested $40,427 with Norton and his associates. Norton and his associates put one or more condominium units in the Crown Point complex in the Carrs' names. The Carrs did not pursue their civil claims to trial.

2. <u>Oliver Coker - $318,542 & Carol Coker - $55,000</u>

Coker and his spouse at the time, Carol Coker, invested money with Norton through purported interest bearing notes in approximately 2003 or 2004. During the recent civil trial, the sum of $318,542 was agreed by both sides' experts to be Mr. Coker's actual loss of principal. The settlements involving that matter did not, however, include any compensation paid to the Cokers.

3. <u>Doug and Jennifer Ford- $92,828</u>

In approximately June 2002, the Fords had a Crown Point Condominium placed in their name by Norton and his associates. When Norton's scheme collapsed and their unit went into foreclosure, the Fords paid this money in an effort to keep the unit from being foreclosed upon.

4. <u>S. Tod and Lucille Johnson - $167,016</u>

The Johnsons – who are Todd Johnson's parents – made a series of investments with Norton. In 2001, S. Tod Johnson purchased a Crown Point Condominium in 2001. After 2001, the Johnsons also discovered that three additional condominiums at Crown Point were put into his name. The above figure is the sum that the civil jury awarded the Johnsons for economic damages against Mr. Norton. The civil jury did not find in the Johnsons' favor against Chicago Title.

5. <u>Betty Cadrez - $50,000 & Glen Cadrez - $50,000</u>

Together the Cokers invested $100,000 with Norton; they were later divorced. They invested their funds at or about the time that Norton was acquiring the Crown Point Condominium Complex.

6. <u>Yancy & Maria Thigpen - $527,397</u>

The Thigpens did not pursue civil claims. They did, however, provide the above-sum to Norton in or about April of 2000 and were told that the return on their investment would be a minimum of 10% annually.

3

7. <u>Rob & Judy Tearnan - $200,000</u>

The Tearnans invested $200,000 with Norton. They understood that they were investing in Norton's Crown Point project and, in return for their investment, received a worthless interest bearing note.

## II

## **CONCLUSION**

Based on the foregoing, the United States urges that the Court order that Defendant pay restitution to the victims of his crime.

DATED: August 12, 2010.                    Respectfully submitted,

LAURA E. DUFFY
United States Attorney

s/ Lawrence A. Casper

LAWRENCE A. CASPER
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Lawrence.Casper@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 09CR2291-H |
| Plaintiff, | Date: August 27, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 13 |
| v. | Honorable Marilyn L. Huff |
| SCOTT GREER, | **CERTIFICATE OF SERVICE** |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, Lawrence A. Casper, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **The United States' Motion For Restitution Order and Memorandum of Points and Authorities** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

1. Douglas Brown, Esq.

   Attorney for Defendant Scott Greer

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2010.

/s/ *Lawrence A. Casper*
LAWRENCE A. CASPER
Assistant United States Attorney

5